IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Edward Josh Miles,<br><br>Plaintiff,<br><br>v.<br><br>Andrews Fabricators of Kingstree, Inc., and Bruce G Casselman individually<br><br>Defendants. | CIVIL ACTION NO: _____<br><br>COMPLAINT<br>(Jury Trial Requested) |

Plaintiff Edward Josh Miles, ("Plaintiff" or "Mr. Miles") by way of this Complaint, brings the below claims against Defendants Andrews Fabricators of Kingstree, Inc., ("AKF") and Bruce G Casselman.("Mr. Casselman") (collectively "Defendants")

### NATURE OF CLAIMS

1.   Plaintiff alleges his termination was retaliatory and in violation of the Families First Coronavirus Response Act, ("FFCRA") 2020 Enacted H.R. 6201, 116 Enacted H.R. 6201 and Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), et seq, ("FLSA").

2.   Plaintiff brings this action for unpaid wages, treble damages, and other relief under the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann § 41-10-10, *et seq*.

3.   Plaintiff also brings a claim under South Carolina common law for Conversion.

### PARTIES, JURISDICTION AND VENUE

4.   Mr. Miles is a citizen and a resident of Florence County, South Carolina.

1

5.  Defendant AFK is a for-profit limited liability company, organized and existing under the laws of South Carolina, and is registered with the South Carolina Secretary of State.

6.  Defendant Mr. Casselman is the owner of AFK and upon information and belief is a resident of Williamsburg County, South Carolina.

7.  Defendants, employs persons such as Plaintiff on their behalf in providing labor for their benefit.  Defendants is within the personal jurisdiction and venue of this Court.

8.  Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Florence County.  Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Florence Division of this Court.

9.  Based upon information and belief, the annual gross sales volume of Defendants' business was more than $500,000.00 per year at all times material hereto.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

11. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims, which are brought pursuant to the common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein

## FACTS

12. AFK is located 1329 Eastland Ave, Kingstree, SC 29556. It performs welding and steel fabrication for 60 industrial clients in 6 states. http://www.andrewsfab.net/andrews-fabricators.html

13. Defendant Casselman owns and operates AFK. He acts directly and/or indirectly in the interest of Defendants in relation to Plaintiff. Defendant Casselman regularly exercised the authority to hire and fire employees, determine the work schedules of Plaintiff, set the rate of pay of Plaintiff, and control the finances and operations of such business. By virtue of such control and authority, Defendant Casselman is an employer of Plaintiff.

14. Mr. Miles was employed by AFK for approximately 9 years at the time of his retaliatory termination on July 14, 2020.

15. Mr. Miles was employed as the shop foreman. He supervised approximately 40 welders.

16. Mr. Miles was an exemplary employee. He always met and exceeded Defendants' expectations.

17. In the 9 years he was employed, Plaintiff never took a sick day. Plaintiff often worked on weekends and holidays.

18. Plaintiff was paid an hourly rate.

19. On Monday, July 13, 2020, at approximately 11:00 a.m. Mr. Miles went home sick because he was experiencing a high fever and chills.

20. On the morning of July 14, 2020, Plaintiff was still experiencing a high fever and chills. He was concerned that he might have COVID, especially because Defendant Casselman refused to take the necessary precautions to protect his employees.

21. The Defendants did not supply personal protective equipment to their employees. Also, employees were required to work in close proximity, and they did not wear masks or wipe down the tools that they shared.

22. Plaintiff called in sick on Tuesday July 14, 2020, and advised the Defendants, he suspected he had contracted COVID and he was planning on getting tested later that day.

23. Defendants terminated Plaintiff for calling in sick. Defendants texted Plaintiff that he needed to turn in his uniforms by 7:00 a.m. the following morning otherwise costs of the uniforms would be deducted from his final paycheck.

24. Plaintiff got tested for COVID that day.

25. On July 19, 2020, Plaintiff learned that he was not positive for COVID, however, Plaintiff had a sever bladder infection and was hospitalized.

26. Mr. Miles engaged in protected activity under the FLSA's anti-retaliation provision when he advised Defendants he could not go to work because he was experiencing COVID-19 symptoms.

27. The Defendants engaged in retaliatory conduct by terminating Plaintiff because he refused to risk his own health as well as the health of his co-workers.

28. The Defendants knowingly engaged in conduct that posed a substantial risk of transmission of the disease to their employees and the public.

29. Once Plaintiff was feeling better, he made arrangements to turn-in his uniform and pick-up his tools.

30. Plaintiff purchased his own tools at great costs to himself. Plaintiff used his own tools while working for the Defendants.

31. Defendants refused to return Plaintiff's tools.

32. Defendants retained Plaintiff's tools for their own purposes.

33. Plaintiff had an employment agreement with Defendants; where he accrued Paid Time Off (PTO) based upon the time he worked. This is a benefit Plaintiff earned.

34. Plaintiff requested that he be paid his earned PTO in his last paycheck.

35. Despite this request, Defendants failed to pay Plaintiff for his earned PTO.

36. The Defendants owe Plaintiff his PTO, per, the employment agreement.

37. Defendants' actions were not in good faith or based upon a reasonable belief that they were not violating applicable laws.

38. Plaintiff worked for Defendants with the clear understanding and agreement by Defendants that his compensation would be consistent with all applicable laws, including state and federal wage laws.

39. The Defendants acted with malice and reckless disregard.

40. The Defendants violated federal law by terminating Mr. Miles.

41. Mr. Miles is seeking emotional damages because the Defendants' retaliatory actions have caused him to suffer stress and anxiety because he was worried how he was going to support his family.

### FOR A FIRST CAUSE OF ACTION
(FFCRA –Retaliation)
(Individual Action)

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43. Plaintiff left work because he was experience COVID symptoms.

44. Plaintiff was tested for COVID-19 on July 14, 2020.

45. Defendants order Plaintiff to return to work or be terminated while he was experiencing COVID symptoms.

46. Plaintiff advised Defendants he was experiencing COVID symptoms and planned to get tested the following day, notwithstanding this, Defendants terminated Plaintiff.

47. The FFCRA states that it is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with the Act.

48. An employer who willfully violates Section 5104 is also in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)) and is subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

49. The Defendants terminated Plaintiff because he would not return to work while he was experiencing COVID symptoms.

50. Defendants willfully, intentionally, and unlawfully retaliated against Plaintiff because he engaged in protected conducted pursuant to FFCRA.

51. Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

52. Defendants have willfully violated the anti-retaliation provisions of the FFCRA and FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

53. The Defendants' actions of terminating Plaintiff because he would not work while he was experience COVID was reckless, willful, and malicious.

54. Because of Defendants' willful violations of the FFCRA and FLSA, Plaintiff is entitled to recover from Defendants for front-pay, back-pay, emotional damages, reasonable

attorneys' fees and costs/disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

## FOR A SECOND CAUSE OF ACTION
### (Violations of the South Carolina Payment of Wages Act)

55. Plaintiff incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

56. Defendant is an "employer" as defined by S.C. Code § 41-10-10(1).

57. Defendants employed Plaintiff within the State of South Carolina.

58. Defendants failed to pay Plaintiff his PTO which is "wages," as defined by S.C. Code §41-10-10(2), pursuant to the Defendants' compensation policies as set forth in their employment agreement.

59. Defendants did not pay Plaintiff pursuant to the employment agreement in violation of the SCPWA.

60. Defendants improperly deducted money from Plaintiff's paycheck, in violation of the SCPWA.

61. Defendants have refused to pay Plaintiff his PTO, as required by S.C. Code §41-10-40 and -50.

62. Pursuant to S.C. Code §41-10-80(C), Plaintiff is entitled to recover in this action an amount equal to three times the full amount of his unpaid wages/commissions, and his wrongfully deducted wages, plus costs and reasonable attorney's fees.

## FOR A THIRD CAUSE OF ACTION
### (Conversion)

63. Plaintiff incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

64. Defendants committed conversion against the Plaintiff in the following manner:

a. Wrongfully withholding the Plaintiff's tools;

b. Withholding Plaintiff's tools with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of his tools; and

c. Withholding Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendants or any other person other than the Plaintiff.

d. The Defendants also committed conversion against Plaintiff by not surrendering the money upon his request for wages/ commissions owed to him.

e. The Defendants converted Plaintiff's tools to their own use.

f. The Defendants actions were without right or justification and constituted the conversion of the Plaintiff's property.

g. The Defendants acted in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care, they should have known their actions were wrongful.

h. Plaintiff has suffered a loss of the use of his tools and has been otherwise injured and damaged in such amount as a judge and a jury may determine.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, seeks judgment against the Defendants as follows:

a. Declaratory Judgment against Defendants that Plaintiff's termination was retaliatory and violated the FLSA and FFRCA;

b. Declaratory Judgement that the Defendants' violation of the FLSA was willful.

c. Injunctive relief requiring Defendants to comply with FLSA and FFRCA.

d. A Court Order requiring Defendants to preserve employment records, including payroll, attendance and time records during the pendency of this action.

e. Injunctive relief requiring the Defendants to reinstate Plaintiff to his previous position.

f. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

g. Judgment against the Defendants for emotional and compensatory damages resulting from his retaliatory termination.

h. An award of compensatory damages in the amount of the unpaid wages owed to Plaintiff.

i. An award of treble damages pursuant to the South Carolina Payment of Wages Act;

j. Injunctive relief by requiring Defendants to return Plaintiff's tools.

k. An award for the costs to Plaintiff to purchase new tools;

l. An award for the damages Plaintiff sustained for the lose of the use of his tools.

m. An award of the reasonable attorneys' fees and costs incurred by Plaintiff;

n. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
652 Rutledge Ave, Suite A
Charleston, South Carolina 29403
Phone (843) 588-5587
marybeth@mullaneylaw.net
*Attorney for Plaintiff*

September 2, 2021
Charleston, South Carolina.

9